USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/27/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEX & ALEX DIAMONDS, INC.,

                                  Plaintiff,            06 Civ. 758 (RPP)

      - against -                            **OPINION AND ORDER**

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON
SUBSCRIBING TO CERTIFICATE HN04AC1B 725 OF
INSURANCE,

                                Defendant.

------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      The Defendant, Certain Underwriters at Lloyd's, London ("Lloyd's"), moves for summary judgment dismissing the Complaint filed by Plaintiff, Alex & Alex Diamonds, Inc. (Alex & Alex) on September 19, 2005 in New York State Supreme Court. The case was removed to this Court on diversity grounds. The Complaint alleges breach of an insurance policy due to the denial of Plaintiff's claim for stolen jewelry. (Compl. ¶8) For the following reasons, Defendant's motion is denied.

**I.    BACKGROUND**

      As stated in Defendant's Statement of Facts Pursuant to Local Civil Rule 56.1 (Def.'s 56.1), the following facts are admitted by Plaintiff:

      1.    Defendant issued policy number HN04AC1B725 to Plaintiff with a policy period of March 15, 2005 to March 14, 2005.

      2.    Alex & Alex operates a wholesale jewelry corporation in New York, New York and sells primarily gold jewelry, diamonds, and gemstones.

3. Alex & Alex made a claim for an alleged robbery that occurred on January 25, 2005 in San Francisco, California.

4. The claim alleged that $159,305 worth of jewelry belonging to Alex & Alex was stolen from the passenger side of a car belonging to Mikhail Musheyev, while Mr. Musheyev was sitting in the driver's seat of the car.

5. Upon notification of the claim, Lloyd's began an investigation of the alleged loss and the circumstances surrounding it.

6. On June 16, 2005, Lloyd's issued a letter to Alex & Alex denying coverage for the loss on the basis, *inter alia*, that Mr. Musheyev was a commission salesman and the policy provides no liability for the loss of jewelry in the possession of commission salesmen.

7. The Policy contains the limits of liability mentioned in Defendant's Statement of Facts Pursuant to Local Civil Rule 56.1, No. 7.

8. There is no written employment contract between Mr. Musheyev and Alex & Alex.

9. There are no records or other documents of any payments by Alex & Alex to Mr. Musheyev.

10. Mr. Musheyev was never listed on the quarterly payroll filing for Alex & Alex filed with New York State and the federal government.

See Plaintiff's Response to Defendant's Statement of Facts Pursuant to Local Civil Rule 56.1. (Pl.'s 56.1).

Defendant's Rule 56.1 Statement asserts that "Mr. Ishakov, the owner of Alex & Alex, and Mr. Musheyev have both testified they had an oral agreement that Mr.

Mushcyev would sell Alex & Alex's jewelry in San Francisco and be paid commissions based on his sales" (Def.'s 56.1 ¶ 11). The Plaintiff denies this fact specifically stating it "[d]enies the fact that Mr. Ishakov, the owner of Alex & Alex, and Mr. Mushcyev have both testified that they had an oral agreement that Mr. Musheyev would sell Alex & Alex's jewelry in San Francisco and be paid commissiond based on his sales [sic]" (Pl.s' 56.1 ¶11).

The Jeweler's Loss Policy attached to Defendant's motion papers as Exhibit A contains a section entitled "Limitations of Liability," and provides as follows:

Section 2

In respect of property insured under item 1a, above, the maximum liability of the Underwriters resulting from any one loss, disaster or casualty is limited to:

| | | |
|---|---|---|
| a. | USD 300,000 | in respect of property at the Assured's premises as described herein; |
| b. 1 | USD No Liability | in respect of property which is in transit by Registered Mail to any one addressee at any one address during any one day; |
| 2 | USD No Liability | in respect of property which is in transit by armoured car service; (including special courier services of armoured car or other protection companies); |
| 3 | USD 300,000 | in respect of property which is deposited in the safe or vault of a bank or safe deposit company; |
| 4 | USD 25,000 | in respect of property which is in the custody of a dealer or individual in the jewellery trade (other than commission salesmen or selling agents) not on the payroll or in the direct employ of the Assured, but property deposited for safe keeping with such a dealer or individual by the Assured or his or their authorised representatives, while travelling or not is subject to the limit expressed in Clause d of this section; |

|   |   |   |   |
|---|---|---|---|
| | 5 | USD No Liability | in respect of property which is in the custody of commission salesmen or selling agents; |
| c. | | USD No Liability | in respect of shipments in transit by customer parcel delivery service and the parcel transportation service of railroads, waterborne or air carriers and passenger bus lines (subject to the stipulations of Condition c of Section 5); |
| d. | | USD 100,000 | in respect of property elsewhere and not included in Clauses a, b and c or otherwise limited herein. |

(Def.'s Mot. Summ. J. Ex. C.)

## II. DISCUSSION

Defendant argues that because the policy provides no coverage for commission salesmen, Plaintiff is entitled to no recovery. (Def.'s Mem. Supp. Def.'s Reply 8.) Plaintiff argues that Mr. Musheyev was not a commission salesman or sales agent, and that Mr. Musheyev was an employee of Alex & Alex, allowing Plaintiff to recover under Section 2(d) of the policy. (Pl.'s Mem. Supp. Opp'n Def.'s Mot. Summ. J. 3.)

The deposition testimony of Mr. Ishakov and Mr. Musheyev reflect that Mr. Musheyev, a relative of Ishakov, was utilized for several months as a driver and bodyguard. (Ishakov Dep. 15:1-8.) Mr. Musheyev underwent a training period, as a salesperson, for four to six months when Mr. Ishakov was in San Francisco, California making sales visits to jewelers in the area. (Id. at 12: 3-6, 17-23, Sept. 6, 2006.) Mr. Musheyev had collected money for Alex & Alex at these locations. (Musheyev Dep. 13: 11-18, Sept. 25, 2006.) Sometime in December 2004, Mr. Musheyev received $400, which both men describe as a monthly wage payment and that he was to receive one or two percent sale interest on sales of jewelry he made. (Id. at 12:25, 13: 1-7.) Alex & Alex has no payroll documents or other written indicia of Mr. Musheyev's employment.

(Id. at 57: 8-14; Borukhov Dep. 42: 10-24, May 31, 2007.)  Apparently, the first consignment of jewelry to Mr. Musheyev was the jewelry stolen from his car on January 25, 2005, on which this claim is based.  (Id. at 57: 15-23.)

A court may grant summary judgment only where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When considering a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.  Anderson v. Liberty Lobby, 477 U.S. 242 (1986).  Summary judgment is inappropriate if, after resolving all ambiguities and drawing all inferences against the moving party, there remains a dispute about a material fact "such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

The term "commission salesmen" is defined nowhere in the policy.  "Whether a writing is ambiguous is a question of law for a court, while the meaning of an ambiguous contract is a question of fact for a factfinder."  Scholastic, Inc. v. Harris, 259 F.3d 73 (2d Cir. 2001).  Defendant argues that Mr. Musheyev was a commission salesman; and that because the policy provides no coverage for a commission salesman, Plaintiff is entitled to no recovery.  (Def.'s Mem. Supp. Mot. Summ. J. 8.)  A contract is ambiguous where its terms "suggest more than one meaning" when viewed objectively by a reasonably knowledgeable person who has examined the context of the entire integrated agreement. Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London, 136 F.3d 82, 86 (2d Cir. 1998).  If contractual terms have a definite and precise meaning and are not reasonably susceptible to differing interpretations, they are not ambiguous. Seiden Assocs. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992).  Here, the terms

"salesmen," "commission salesmen," and "independent commission salesmen" are all mentioned in either the policy or in the Jeweler's Block Proposal, which was attached to the policy. (Def.'s Mot. Summ. J. Ex. C.) These terms are not precise, and they are reasonably susceptible to different interpretations. It is not clear whether a "commission salesman" under the policy must be independent of the insured or could be an employee receiving a minimum salary. (Cf. Jeweler's Block Proposal at 2.)

### III.  CONCLUSION

In view of the lack of definition of a commission salesman in the policy, and the deposition testimony of Mr. Ishakov and Mr. Musheyev that Mr. Ishakov's payment of $400 to Mr. Musheyev was a monthly salary payment; this court cannot decide that, as a matter of law, Mr. Musheyev was a commission salesman within the meaning of the policy. Motion denied.

IT IS SO ORDERED.

Dated: New York, New York
       September **2 1**, 2007

                                            Robert P. Patterson, Jr.
                                            U.S.D.J.

Copy of this Opinion and Order sent to:

Counsel for Defendant

Clausen Miller, PC
One Chase Manhattan Plaza
New York, NY  10005
Attn:  Malcolm J. Reilly
Tel:    212-805-3900
Fax:   212-805-3939

Counsel for Plaintiff

Michael F. Newton, Esq.
286 Madison Avenue, Suite 702
New York, NY  10017
Tel:   212-725-8001
Fax:  212-808-8009